IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KELLY FITZPATRICK,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**GENIE RETAIL ENERGY, INC.**, a Delaware registered corporation, and **TOWN SQUARE ENERGY, LLC**, a Delaware registered company,<br><br>*Defendants.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Kelly Fitzpatrick ("Plaintiff Fitzpatrick" or "Fitzpatrick") brings this Class Action Complaint and Demand for Jury Trial against Defendant Genie Retail Energy, Inc. ("Defendant Genie Retail Energy" or "Genie Retail Energy") and Town Square Energy ("Defendant Town Square Energy" or "Town Square Energy") to stop the Defendants from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Fitzpatrick, for this Complaint, alleges as follows upon personal knowledge as to herself and her own

acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Fitzpatrick is a resident of Manchester, New Hampshire.

2. Defendant Genie Retail Energy is a Delaware registered corporation headquartered in Newark, New Jersey.

3. Defendant Town Square Energy is a Delaware registered company headquartered in Gilbert, Arizona. Defendant Town Square Energy conducts business throughout the US, including in New Jersey.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 (“TCPA”).

5. This Court has personal jurisdiction over the Defendants and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Genie Retail Energy is headquartered and located in this District and the wrongful conduct giving rise to this case was directed from this District. In addition, Defendant Town Square conducts business in this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in November 2025 alone, at a rate of 128.7 million per day. www.robocallindex.com (last visited December 7, 2025).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

### A. Corporate Structure and Ownership

14. Genie Retail Energy is the retail division of Genie Energy Ltd. It provides energy supply solutions including electricity, natural gas and green renewable electricity supplies to consumers and businesses throughout the US.[3]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://genie.com/

15. Genie Retail Energy operates using different company names throughout the US, including Town Square Energy.[4]

16. Town Square Energy operates in a variety of states including New Hampshire, where Plaintiff resides.[5]

17. When Genie Retail Energy acquired Retail Energy Holdings, LLC in 2016, it also assumed ownership of Town Square Energy.[6]

18. According to the press release announcing the acquisition, Genie Retail Energy operates Town Square Energy as a wholly owned subsidiary:

> Genie Retail Energy intends to operate REH as a wholly owned subsidiary utilizing the Town Square Energy brand. Current Town Square Energy customers will experience no change in their service and Genie will honor existing residential contracts. [7]

19. According to its 2021 annual report, Genie Retail Energy owns and operates Town Square Energy:

> GRE owns and operates retail energy providers ("REPs"), including IDT Energy, Inc. ("IDT Energy"), Residents Energy, LLC ("Residents Energy"), Town Square Energy, LLC and Town Square Energy East, LLC ("collectively, "TSE"), Southern Federal Power ("SFP") and Mirabito Natural Gas, ("Mirabito"). GRE's REP businesses resell electricity and natural gas to residential and small business customers. The majority of GRE's REPs' customers are located in the Eastern and Midwestern United States and Texas. Mirabito supplies natural gas to commercial customers in Florida. [8]

---

[4] https://genie.com/genie-retail-energy/

[5] https://townsquareenergy.com/residential-locations/

[6] https://www.prnewswire.com/news-releases/genie-retail-energy-acquires-retail-energy-holdings-llc-300357362.html

[7] Id.

[8] https://www.annualreports.com/HostedData/AnnualReportArchive/g/NYSE_GNE_2021.pdf

### B. Genie Retail Energy and Town Square Energy Operate as a Single Enterprise

20. Despite Town Square Energy's technical status as a subsidiary, Genie Retail Energy and Town Square Energy operate as a single, unified enterprise. Town Square Energy does not observe corporate formalities, does not maintain separate business operations, and functions solely as a brand name under which Genie Retail Energy markets its energy services.

21. Town Square Energy has no independent telemarketing operations, call centers, customer service staff, or sales personnel separate from Genie Retail Energy. All telemarketing decisions—including training, lead generation, vendor selection, and campaign management—are made by Genie Retail Energy employees, as established below.

22. When Plaintiff's counsel sent a demand to Town Square Energy, the response came from an employee using a @genieretail.com email address, demonstrating that Town Square Energy has no separate customer service staff or operations independent from Genie Retail Energy.

23. All revenue generated from customers acquired through Town Square Energy telemarketing flows directly to Genie Retail Energy. Genie Retail Energy is the entity that ultimately provides the energy supply services and receives payment

from customers, regardless of whether they were solicited under the Town Square Energy brand name.

24. Revenue generated through Town Square Energy is grouped together with other Genie Retail Energy-owned companies, as per its 2024 annual report.[9]

**C. Genie Retail Energy's Direct Control Over Town Square Telemarketing**

25. Defendant Genie Retail Energy hires employees that are directly responsible for the telemarketing that is done on behalf of Defendant Town Square Energy.

26. Brad Martin is a Senior Vice President for Genie Energy Ltd. Martin's LinkedIn profile shows that Town Square Energy is among the brands under his management, and that he provides marketing and sales support for Genie Retail Energy brands including Town Square Energy:



**Brad Martin**
Senior Vice President, Marketing, Mass Market Sales Support & Commercial Ops & Services

**Genie Energy**
14 yrs 10 mos

**Senior Vice President, Marketing, Mass Market Sales Support & Commercial Operations**
Full-time
Aug 2015 - Present · 10 yrs 5 mos

Brands under management; Genie Energy (NYSE:GNE), IDT Energy, Residents Energy, Town Square Energy, Mirabito Natural Gas, Evergreen Gas & Electric, Diversegy Commercial Energy Advisory & Brokerage, Genie Solar Energy, CityCom Solar

**Vice President, Marketing at Genie Retail Energy, Inc.**
Mar 2011 - Aug 2015 · 4 yrs 6 mos

IDT Energy - Residents Energy - Evergreen Gas & Electric - DMS Promotions

[10]

[9] https://d2ghdaxqb194v2.cloudfront.net/2100/196964.pdf - pages 114 and 115
[10] https://www.linkedin.com/in/bradleyfrederickmartin/

27. Because Town Square Energy has no independent telemarketing staff or operations, all telemarketing conducted under the Town Square Energy name is handled by Genie Retail Energy's centralized sales and marketing organization. Genie Retail Energy employees manage telemarketing leads, Do Not Call compliance (or the lack thereof), contact center operations, and sales training for all Genie Retail Energy brands—including Town Square Energy.

28. Carlos Guzman is the Senior Director of Sales Support for Defendant Genie Retail Energy. Guzman's responsibilities include verifying third-party marketers, distributing training and sales materials, and managing telemarketing leads and Do Not Call lists for Genie Retail Energy:


Carlos Guzman
Sr. Director of Sales Support at Genie Energy

Genie Energy
5 yrs 11 mos

Sr. Director of Sales Support
Jan 2017 – Present · 3 yrs 1 mo
Newark, NJ

Departmental Responsibilities include:
• Third Party Verification (TPV).
• Customer telephone survey.
• Training and sales collateral distribution.
• In-person sales agent branding and apparel distribution.
• Telemarketing Leads & Do Not Call (DNC) Management.
• Monitor enrollment delivery and processing.

Director of Sales Support & Channel Management
Feb 2016 – Dec 2016 · 11 mos
Newark, NJ

• Oversee Support activities to ensure adequate service levels are met with all direct sales teams.
• Manage day-to-day activities with all channel partners.
• Oversee all service territory campaigns associated with telemarketing and door-to ...see more

[11]

[11] https://www.linkedin.com/in/carlosjguzman/

29. Sherri Staveski was the Senior Director, Residential Contact Center Sales for Genie Retail Energy. Staveski oversaw all contact center sales for both internal staff and external/outsourced business partners, and managed contact center staff training and sales initiatives:



**Sherri Staveski**
Sr. Director, Residential Contact Center Sales at Genie Retail Energy

Experience

**Genie Retail Energy**
5 yrs 1 mo

**Sr. Director, Residential Contact Center Sales**
Oct 2019 – Present · 4 mos

Oversees all contact center sales for internal staff and external/outsourced business partners. Drives business development and revenue growth by conducting global market research and due diligence of potential business partners. Builds and manages strong relationships with corporate stakeholders to deliver data-driven strategic recommendations. Manages sales training, worflows, sales initiatives, and contract negotiations.

**Director, Global Contact Center Sales**
Jan 2019 – Sep 2019 · 9 mos

Oversees all contact center sales for internal staff and external/outsourced business partners. Drives business development and revenue growth by conducting global market research and due diligence of potential business partners. Builds and manages strong relationships with corporate stakeholders to deliver data-driven strategic recommendations. Manages …see more

[12]

30. Roberto Latona is a Regional Sales Manager and Training Manager for Genie Retail Energy. Latona's responsibilities include training employees to acquire customers through cold calling:

[12] https://www.linkedin.com/in/sherristaveski/



Roberto Latona
Director of F2F Channel Sales at Genie Retail Energy

**Regional Sales Manager/Training Manager**
Genie Retail Energy LLC
Jan 2014 - Present · 11 yrs 11 mos
Upstate NY

responsible for hiring, training and managing a team of Energy Sales Representatives (ESR) and Field Sales Supervisor(s) (FSS) in a defined geographic territory. Team Sales management.

Principal Responsibilities:

- Recruit, train and manage a team of ESR/FSS/Marketing Teams
- Reach or exceed monthly/annual sales goals
- Maintain market ESR headcount
- Identify lucrative selling areas using demographics and cost analysis
- Research and acquire sales permits and licensing by town/city. Develop and maintain permit tracking
- Monitor quality assurance pertaining to contracts, TPV, after sales, etc.
- Weekly and Monthly sales meetings, conference calls
- Competitive pricing and product intelligence
- Weekly and monthly reporting
- Territory development
- Identify emerging sales opportunities within their territory
- Manage territory inventories including: contracts, marketing materials, uniforms, binders, etc.
- Scrutinize all sales for accuracy
- Door to door marketing to acquire customers through cold calling, referrals, events, organizations, other selling channels, etc.
- Educate prospects on the benefits of switching to IDT
- Perform sales campaigns on time and with the desired results
- Provide prospects with the appropriate documentation (contracts, brochures, etc)
- 50%-75% local travel

[13]

31. The centralized telemarketing functions performed by Guzman, Staveski, Latona, and other Genie Retail Energy employees necessarily encompass calls made under the Town Square Energy brand, because Town Square Energy has no separate telemarketing personnel or operations.

32. Genie Retail Energy and Town Square Energy operated as a single enterprise with unified control over the unlawful telemarketing campaign. Both defendants are jointly and severally liable for violations of the TCPA.

33. At all times relevant to this Complaint, Town Square Energy acted as the agent, instrumentality, and alter ego of Genie Retail Energy in making the telephone solicitations alleged herein. Genie Retail Energy had the right and ability to supervise and control all telemarketing activities conducted under the Town

---

[13] https://www.linkedin.com/in/roberto-latona-92069b54/

Square Energy name, exercised that control, and directly benefited financially from leads and sales generated by those calls.

**D. The Telemarketing Campaign and Pattern of DNC Violations**

34. The Defendants place cold calls to consumers to generate business.

35. The Defendants place calls to consumer phone numbers that are registered on the DNC, as per Plaintiff's experience.

36. Genie Retail Energy controlled, directed, and authorized the call campaigns described herein.

37. Consumers have posted numerous complaints directly to Town Square Energy about unsolicited telemarketing, including complaints posted on its Better Business Bureau and Facebook page, including:

- "Id give them 0 if I could. Predatory practices as mentioned in other comments as well as ***calling dozens of times per day from different numbers (even when you ask to be put on a do not call list***)."[14] (emphasis added)
- "… ***They cold call*** but will tell you they got your information because you or someone in your household had recently been online looking into getting a new or lower rate on your electric bill, which is not true, most people have their bill included in their rent, others live in HUD housing and have no bills or rent, and then there are the kids phones and the parents then get in wondering why you are calling a child's phone. It's all lies..."[15] (emphasis added)
- "Marketing called and tried to railroad us without explaining who Town Square was ..Only that I qualified for my 7th month of electricity free.

[14] https://www.bbb.org/us/az/gilbert/profile/energy-service-company/town-square-energy-llc-1126-1000036074/customer-reviews
[15] Id.

There was no mention of switching suppliers. When I said that I didnt like that method of recruiting I shortly received a call from a higher level rep who instead of apologizing bullied and insulted me. I guess that the customer does not come first. I would have never been condescending to a customer!! They hope that if they promise money and talk fast that youll fall for switching to them without knowing that thats what you are doing. If youre half way intelligent and ask questions be prepared to be insulted and bullied. Town Square LLC. Not that youll change your ways but youre welcome for the never will be a customer feedback!"[16]

- "never used them never will, yet ***they call dozens a times a day***. I block the number 5 minutes later they call from new number. Very much a scam if they are using bogus numbers to harrass the public."[17] (emphasis added)
- "They call and won't stop spam calling. I block their number, they call with a different one. ***I ask to stop calling, they call anyway***. Their telemarketers are rude."[18] (emphasis added)
- 

[19]

38. In response to these calls, Plaintiff Fitzpatrick brings forward this case seeking injunctive relief requiring the Defendants to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

---

[16] Id.
[17] Id.
[18] https://www.bbb.org/us/az/gilbert/profile/energy-service-company/town-square-energy-llc-1126-1000036074/customer-reviews?page=2
[19] https://www.facebook.com/TownSquareEnergy/reviews

## PLAINTIFF FITZPATRICK'S ALLEGATIONS

39. Plaintiff Fitzpatrick is the sole owner and user of her cell phone number ending in 3204.

40. Plaintiff Fitzpatrick registered her cell phone number on the DNC on June 26, 2022.

41. Plaintiff Fitzpatrick uses her cell phone number for personal and household use only as one would use a residential landline.

42. It has never been held out by Plaintiff Fitzpatrick to the public or advertised for business purposes.

43. It has only ever been used as a personal use phone number.

44. Plaintiff Fitzpatrick uses her cell phone number to communicate with family and friends.

45. Plaintiff Fitzpatrick uses her cell phone to deal with household issues like scheduling services.

46. Plaintiff Fitzpatrick received calls from Genie Retail Energy more than 31 days after she registered her cell phone number on the DNC.

47. Beginning in approximately September of 2025, Plaintiff Fitzpatrick began receiving calls from telemarketers who identified the company name Town Square Energy.

48. Plaintiff Fitzpatrick told callers that she was not interested, but the calls continued.

49. For example, Plaintiff received the following solicitation calls from Town Square Energy to her cell phone:

- October 10, 2025 from 603-691-9241;
- October 13, 2025 from 603-574-0879;
- October 16, 2025 from 603-403-9404;
- October 20, 2025 from 603-404-5465;
- October 23, 2025 from 603-600-0116; and
- October 29, 2025 from 603-255-3112.

50. The calls that Plaintiff Fitzpatrick received were solicitation calls during which the callers would solicit cheaper energy options.

51. When all of the phone numbers listed above are called, an employee answers identifying the company name Town Square Energy.[20]

52. Because Genie Retail Energy owns, operates, and controls all telemarketing operations conducted under the Town Square Energy name, Genie Retail Energy is liable for these calls.

53. Plaintiff Fitzpatrick's attorneys had an employee send a demand for consent email to Town Square Energy on November 3, 2025.

---

[20] Based on an investigation conducted by Plaintiff's attorneys

54. A response was received from an individual identifying as a Town Square Energy customer representative who responded from a genieretail.com email address, further demonstrating that Town Square Energy is operated and controlled by Genie Retail Energy, with no separate customer service operations or staff.

55. The employee apologized for the calls and stated that Plaintiff's phone number was added to a do not call list. As part of this exchange, Defendants did not purport to have had consent to call Plaintiff.

56. Indeed, Plaintiff Fitzpatrick has never done business with Genie Retail Energy and Town Square Energy, or consented to be contacted by them.

57. The unauthorized solicitation calls that Plaintiff received from or on behalf of the Defendants have harmed Plaintiff Fitzpatrick in the form of annoyance, nuisance, and invasion of privacy, occupied her phone line, and disturbed the use and enjoyment of her phone.

58. Seeking redress for these injuries, Plaintiff Fitzpatrick, on behalf of herself and Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

59. Plaintiff Fitzpatrick brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendants called more than one time, (2) within any 12-month

period, (3) where the person's residential telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason the Defendants called Plaintiff.

60. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) the Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Fitzpatrick anticipates the need to amend the Class definition following appropriate discovery.

61. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

62. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant Genie Retail Energy and Defendant Town Square Energy placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendants' conduct.

63. **Adequate Representation**: Plaintiff Fitzpatrick will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Fitzpatrick has no interests antagonistic to those of the Class, and the Defendants have no defenses unique to Plaintiff. Plaintiff Fitzpatrick and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Fitzpatrick nor her counsel have any interest adverse to the Class.

64. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendants' business

practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Fitzpatrick. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Fitzpatrick and the Do Not Call Registry Class)**

65. Plaintiff repeats and realleges paragraphs 1-64 of this Complaint and incorporates them by reference herein.

66. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

67. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations

prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

68. The Defendants violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Fitzpatrick and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

69. The Defendants violated 47 U.S.C. § 227(c)(5) because Plaintiff Fitzpatrick and the Do Not Call Registry Class received more than one call in a 12-month period made by or on behalf of the Defendants in violation of 47 C.F.R. § 64.1200, as described above.

70. As a result of Defendants' conduct as alleged herein, Plaintiff Fitzpatrick and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

71. To the extent Defendants' misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of

statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing her attorneys as Class Counsel;

b) An award of money damages and costs;

c) An order declaring that Defendants' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Fitzpatrick requests a jury trial.

**KELLY FITZPATRICK**, individually and on behalf of all others similarly situated,

DATED this 11th day of December, 2025.

By: /s/ Stefan Coleman
Stefan Coleman
law@stefancoleman.com
COLEMAN PLLC
1072 Madison Ave, Suite 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

**Pro Hac Vice Motion forthcoming*